Filed 6/24/21  P. v. Omana CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

THE PEOPLE,

    Plaintiff and Respondent,

v.

SERGIO OMANA,

    Defendant and Appellant.

B306220

(Los Angeles County
Super. Ct. No. ZM046347)

---

APPEAL from an order of the Superior Court of Los Angeles County, Laura Streimer, Commissioner.  Appeal dismissed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Michael R. Johnsen and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

Sergio Omana appeals from the trial court's order extending his commitment to the Department of State Hospitals under Penal Code section 1026.5[1] until January 13, 2021. The order from which Omana appeals has expired, and Omana is currently subject to a new order that extends his commitment to January 13, 2023. In a supplemental letter brief, Omana concedes this appeal is moot and should be dismissed. For the reasons set forth below, we agree and dismiss the appeal.

**BACKGROUND**

In 2017, Omana was committed to the Department of State Hospitals under section 1026 after being found not guilty by reason of insanity of assault by force likely to produce great bodily injury. (§ 245, subd. (a)(4).) His maximum term of commitment was set to expire on January 13, 2019. On October 5, 2018, the prosecution filed a petition to extend the commitment under section 1026.5, alleging Omana represented a substantial danger of physical harm to others by reason of mental disease, defect, or disorder.

On November 13, 2019, the trial court accepted defense counsel's waiver of jury trial on the petition to extend the commitment, based on defense counsel's representation she had a doctor's letter indicating Omana lacked capacity to enter the waiver. Apparently, defense counsel did not submit this letter to the trial court, and the letter is not part of the record on appeal.

At a December 9, 2019 bench trial, the court heard testimony from Omana and both a psychologist and a psychiatrist who had evaluated him. The court also considered reports from

_____

[1] Undesignated statutory references are to the Penal Code.

multiple psychological and psychiatric evaluations of Omana. The court sustained the prosecution's petition and extended Omana's commitment to the Department of State Hospitals until January 13, 2021.

Omana appealed from the trial court's December 9, 2019 order. In his opening appellate brief, Omana contended the trial court's failure to advise him of his right to jury trial on the prosecution's petition to extend his commitment, and the trial court's failure to obtain a personal waiver of jury trial from him, required reversal of the order extending his commitment to January 13, 2021. In Omana's reply brief on appeal, his counsel informed this court his appeal might be moot to the extent his commitment was extended beyond January 13, 2021, but his counsel did not yet have sufficient information to evaluate the issue.

We requested Omana file a letter brief (and accompanying request for judicial notice, if appropriate), updating this court with his current commitment status and setting forth his position on whether this appeal is moot and should be dismissed. On June 8, 2021, Omana filed a request for judicial notice of the trial court's February 1, 2021 minute order, stating on that date Omana personally waived his right to jury trial on the prosecution's October 1, 2020 petition to extend his commitment, and the trial court accepted the waiver; the court admitted into evidence the petition and a report from the state hospital where Omana was committed, and Omana submitted on the petition without argument; and the trial court granted the petition, extending Omana's commitment to the Department of State

3

Hospitals to January 13, 2023.[2]  In his accompanying letter brief, filed June 8, 2021, Omana stated this appeal is moot because the underlying commitment order has expired, and the "appeal does not raise any new questions of law or a matter of continuing public interest."  On June 10, 2021, the Attorney General filed a responsive letter brief, agreeing with Omana that this appeal is moot and should be dismissed.

## DISCUSSION

Generally, appellate courts will not render opinions on moot questions.  "A case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*People v. Dunley* (2016) 247 Cal.App.4th 1438, 1445.)  As Omana and the Attorney General point out in their letter briefs, an appeal from an expired commitment order is generally moot unless the appeal raises an issue of continuing importance that is capable of repetition but evading review.  (See *ibid*.; *People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.)

Here, a reversal of the trial court's December 9, 2019, expired commitment order would have no effect on Omana's current commitment to the Department of State Hospitals pursuant to the trial court's February 1, 2021 order.  In this appeal, Omana contends the trial court erred in failing to advise him of his right to jury trial on the prosecution's October 5, 2018 petition to extend his commitment and in failing to obtain a personal waiver of jury trial from him.  As Omana concedes, this appeal raises no issue of continuing importance that is capable of repetition but evading review.  As set forth in the trial court's

---

[2] We grant Omana's June 8, 2021 request for judicial notice of the trial court's February 1, 2021 minute order.

February 1, 2021 minute order, on that date, Omana personally waived his right to jury trial on the prosecution's October 1, 2020, subsequent petition to extend his commitment, and he submitted on the petition without argument.  The asserted error Omana challenges in this appeal did not recur on the subsequent petition.  This appeal is moot, and we dismiss it.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

5